UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
Western Division
Docket No. 5:10-M-1514-1

| | | |
|---|---|---|
| **United States Of America** | ) | |
| | ) | **ORDER MODIFYING AND** |
| vs. | ) | |
| | ) | **CONTINUING SUPERVISION** |
| **Katina M. Sweeney** | ) | |

This case came before the court today on the government's motion to modify the terms and conditions of probation of defendant Katina M. Sweeney. On February 9, 2011, defendant had appeared before the Honorable William A. Webb, U.S. Magistrate Judge for the Eastern District of North Carolina, and pursuant to an earlier plea of guilty to Driving While Impaired - Level 4, in violation of 18 U.S.C. § 13, assimilating N.C.G.S. 20-138.1, had been sentenced to a 12-month term of probation.

From evidence presented at the hearing, the court finds as a fact that defendant has violated the terms and conditions of the probation judgment as follows:

1. Operating a motor vehicle in violation of the Judgment in this case.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the probation sentence heretofore granted be continued with the following modifications:

1. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

2. The defendant shall abstain from the use of any alcoholic beverages, shall not associate with individuals consuming alcoholic beverages, shall not frequent business establishments whose primary product to the consumer is alcoholic beverages, and shall not use any medication containing alcohol without the permission of the probation office or a prescription from a licensed physician.

3. The defendant shall adhere to a curfew from 9:00 p.m. to 6:00 a.m., or as directed by the probation officer for a period not to exceed 90 consecutive days. The defendant is restricted to her residence during the curfew hours.

4. The defendant shall abide by all terms and conditions of the Remote Alcohol Monitoring Program, as directed by the probation officer for a period not to exceed 90 days. The government shall be responsible for the cost of the program.



Katina M. Sweeney
Docket No. 5:10-M-1514-1
Order Modifying
Page 2

5. The defendant shall be confined in the custody of the Bureau of Prisons for a period of 3 days, as directed by the probation office and shall abide by all rules and regulations of the designated facility.

**IT IS FURTHER ORDERED** that except as herein modified, the Judgment shall remain in full force and effect.

This the 9th day of March, 2011.

_____
James E. Gates
U.S. Magistrate Judge